[No. D063268. Fourth Dist., Div. One. Mar. 11, 2014.]

SHELLEY BROWN, Plaintiff and Appellant, v.
AMERICAN BICYCLE GROUP, LLC, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts III.C. and III.D.

**COUNSEL**

Richard L. Duquette and Richard James Schnieders for Plaintiff and Appellant.

G & P Schick, Malcolm M. Schick and Danielle C. Loss for Defendant and Respondent.

**OPINION**

**AARON, J.—**

## I.

## INTRODUCTION

Appellant Shelley Brown was injured in a bicycle accident involving her riding partner, Ronald Voigt. Voigt was riding in front of Brown when the front fork on Voigt's bicycle failed. Voigt fell and caused Brown, who was unable to avoid Voigt, to crash as well. Brown sued the designer and distributor of the bicycle fork, American Bicycle Group, LLC (ABG), among others. A jury returned a verdict in favor of ABG. The trial court denied Brown's motion for new trial, and Brown filed this appeal.

In the published portions of this opinion, we consider Brown's contentions that the trial judge erred in failing to disclose his "significant financial ties with the insurance industry," and that her due process right to an impartial judge was violated. We conclude that the trial judge was not required to disclose his ownership interests in various insurance-related companies, since none of those companies was a party to this case or a carrier of ABG's.[1] We further conclude that there was no violation of Brown's due process right to an impartial judge.

In the unpublished portion of this opinion, we consider Brown's contention that the trial court committed reversible error in denying three of her in limine motions to exclude various items of evidence at trial. We conclude that

---

[1] We also conclude that this claim is procedurally barred for several reasons.

Brown's motions in limine were not sufficient to preserve her evidentiary objections, and that Brown has not demonstrated that she was prejudiced by the trial court's rulings. We also conclude that Brown's claims as to two of the three in limine motions fail because the record on appeal does not establish that any of the evidence at issue in the in limine motions was offered at trial. As to the third in limine motion, we reject Brown's claim on the merits and conclude that the trial court did not abuse its discretion in denying the motion.

In another unpublished portion of this opinion, we consider Brown's contention that the trial court erred in denying her motion for new trial. However, Brown does not present any argument for reversing the trial court's order denying the motion, apart from attempting to improperly incorporate her trial court pleadings into her briefing on appeal. Since it is well established both that documents filed in the trial court may not be incorporated by reference into an appellate brief, and that this court need not consider such improperly incorporated arguments, we deem this contention forfeited.

Accordingly, we affirm the judgment and the trial court's order denying Brown's motion for new trial.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Brown suffered multiple injuries in the bicycle accident described in part I., *ante*.

In December 2011, Brown filed a first amended complaint against ABG, among others. Brown alleged that the front fork on Voigt's bicycle was defective and that ABG had designed and distributed the fork. Brown brought claims against ABG for strict products liability, negligence, and breach of warranty.

Prior to the trial, Brown filed in limine motions to exclude evidence pertaining to Voigt's alleged negligent maintenance of the bicycle, the lack of similar accidents involving the bicycle fork, and expert testimony to the effect that a foreign object may have struck Voigt's bicycle fork. The trial court denied Brown's motions.

---

[2] The record on appeal contains only a partial reporter's transcript, which includes only a single witness's trial testimony. We base our factual and procedural background on the available record.

In October 2012, a jury returned a special verdict in favor of ABG. The jury found that the bicycle fork in question contained a manufacturing defect, but that the defect was not a substantial factor in causing Brown to suffer harm. The trial court subsequently entered judgment in favor of ABG pursuant to the jury's special verdict.

In November 2012, Brown filed a motion for new trial. The following month, the trial court entered an order denying the motion.

Brown timely appealed from the judgment.[3]

## III.

## DISCUSSION

A. *The trial judge was not required to disclose his ownership interests in various companies*

Brown contends that the trial judge erred in not disclosing his ownership interests in various companies, and that she would have filed a peremptory challenge to the trial judge pursuant to Code of Civil Procedure[4] section 170.6 if the judge had made the disclosures. Brown's theory appears to be that the trial judge's ownership interests in companies related to the insurance industry evinces a bias on the judge's part in favor of ABG because ABG was insured, and any potential judgment against ABG would be paid by an insurance company. Brown also contends that the trial judge violated her right to due process by failing to disqualify himself from presiding over the case, in light of his bias.

1. *Procedural background*

In her motion for new trial, Brown contended that the trial court displayed prejudice toward her and her counsel throughout the trial proceedings. In support of this contention, Brown cited numerous rulings that she contended were legally erroneous. Brown also claimed that the trial judge had been "smiling and looking over to [ABG's] counsel during his favorable defense rulings," and that the trial judge "snarled at [Brown's] counsel" when her counsel attempted to provide the trial judge with a list of anticipated witnesses before court one morning during the trial.

---

[3] "An order denying a motion for a new trial is not directly appealable, but is reviewable on appeal from the underlying judgment." (*Chakalis v. Elevator Solutions, Inc.* (2012) 205 Cal.App.4th 1557, 1568, fn. 4 [141 Cal.Rptr.3d 362].)

[4] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

In support of her motion for new trial, Brown lodged numerous exhibits, including copies of the trial judge's Fair Political Practices Commission's Statement of Economic Interests for the year 2011.[5] On the disclosure forms, the trial judge indicated the fair market value of his ownership interests in numerous companies, including the following:

| | |
|---|---|
| 1. Berkshire Hathaway | $100,001 – $1,000,000 |
| 2. RLI Corporation | $10,001 – $100,000 |
| 3. State Street Corporation | $10,001 – $100,000 |
| 4. Leucadia National Corporation | $10,001 – $100,000[6] |

Brown made no argument concerning the relevance of these disclosure forms in her briefing in support of her motion for new trial.

### 2. Governing law

#### a. Grounds for the disqualification of a trial judge

Section 170.1 specifies the grounds on which a trial judge may be disqualified from a case for cause. The statute provides in relevant part:

"(a) A judge shall be disqualified if any one or more of the following are true: [¶] . . . .[¶]

"(3)(A) The judge has a financial interest[7] in the subject matter in a proceeding or in a party to the proceeding. [¶] . . . .[¶] .

"(6)(A) For any reason: [¶] . . . .[¶]

"(iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

---

[5] Government Code section 87200 mandates that state trial judges file such forms.

[6] In her brief on appeal, Brown characterizes these entities as "insurance companies." We assume, for the sake of this opinion, that these companies are all related in some way to the insurance industry.

[7] Section 170.5 provides in relevant part:
"For the purposes of Sections 170 to 170.5, inclusive, the following definitions apply: [¶] . . . [¶]
"(b) 'Financial interest' means ownership of more than a 1 percent legal or equitable interest in a party, or a legal or equitable interest in a party of a fair market value in excess of one thousand five hundred dollars ($1,500), or a relationship as director, advisor or other active participant in the affairs of a party, except as follows:
"(1) Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in those securities unless the judge participates in the management of the fund."

█ Unlike disqualification for cause, "Section 170.6 permits a party to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body." (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 4 [91 Cal.Rptr.2d 116].) "Where a disqualification motion is timely filed and in proper form, the trial court is bound to accept it without further inquiry." (*Ibid.*) Disqualification motions made pursuant to section 170.6. are commonly referred to as peremptory challenges. (See, e.g., *National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 914 [157 Cal.Rptr.3d 318].)

### b. *A trial judge's duty to disclose information relevant to the issue of disqualification*

At the time of the trial court proceedings in this case, former canon 3E(2) of the California Code of Judicial Ethics (Canon 3E(2)) provided: "In all trial court proceedings, a judge shall disclose on the record information that is reasonably relevant to the question of disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification."[8]

### c. *A writ of mandate is the exclusive method by which to challenge a ruling concerning the disqualification of a judge*

Section 170.3, subdivision (d) provides in relevant part: "The determination of the question of the disqualification of a judge . . . may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding . . . and served within 10 days after service of written notice . . . ."

In *People v. Panah* (2005) 35 Cal.4th 395, 444 [25 Cal.Rptr.3d 672, 107 P.3d 790] (*Panah*), the Supreme Court reiterated that section 170.3, subdivision (d) provides the only method by which a party may seek appellate review of the disqualification of a judge: "As we have repeatedly held, the statute means what it says: Code of Civil Procedure section 170.3, subdivision (d) provides the exclusive means for seeking review of a ruling on a challenge to a judge, whether the challenge is for cause or peremptory." The Supreme Court has also expressly *rejected* the claim that a disqualification ruling is reviewable on appeal from a subsequent judgment. (*People v.*

---

[8] Canon 3E(2) has since been amended to state in relevant part:
"In all trial court proceedings, a judge shall disclose on the record as follows:
"(a) Information relevant to disqualification
"A judge shall disclose information that is reasonably relevant to the question of disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification."

*Williams* (1997) 16 Cal.4th 635, 652 [66 Cal.Rptr.2d 573, 941 P.2d 752] ["statutory judicial disqualification claim is not properly before us on this automatic appeal following a judgment of death"]; *People v. Brown* (1993) 6 Cal.4th 322, 333 [24 Cal.Rptr.2d 710, 862 P.2d 710] ["section 170.3[, subdivision ](d) creates an exception to the general rule that interlocutory rulings are reviewable on appeal from a final judgment"].)

### 3. *Application*

Brown claims that the judgment and order denying her motion for new trial should be reversed because if she had been aware of "Judge Dahlquist's clear pro-insurance bias," "Brown's Counsel would have filed a Code of Civil Procedure section 170.6 challenge . . . ." Brown's claim fails for several reasons.

As an initial matter, Brown's claim is not cognizable on appeal because a petition for writ of mandate is the exclusive method by which a party may seek review of the question of the disqualification of a judge. (§ 170.3, subd. (d).)

■ Further, Brown forfeited any appellate contention that the trial judge's ownership interests in various insurance companies mandated either disclosure or disqualification. " 'If a judge refuses or fails to disqualify [himself], a party may seek the judge's disqualification. The party must do so, however, "at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." [Citation.]' " (*People v. Guerra* (2006) 37 Cal.4th 1067, 1111 [40 Cal.Rptr.3d 118, 129 P.3d 321].) Although Brown lodged the disclosure forms reflecting the judge's ownership interest in numerous companies in the trial court in her motion for new trial, Brown failed to seek disqualification in the trial court on this ground or to present any argument as to the relevance of the forms at any point in the trial proceedings.[9] Thus, Brown has forfeited any claim premised on the disclosure forms. (See *ibid.*)

■ Further, we are aware of no authority, and Brown has cited none, that supports the proposition that a trial judge is required to make disclosures under Canon 3(E)(2) in order to enable a party to file a peremptory challenge *under section 170.6*. Both former and current Canon 3E(2) require a trial court to disclose information that is "reasonably relevant to the question of disqualification under *Code of Civil Procedure section 170.1*." (Italics added.)

---

[9] In her notice of lodgment, Brown stated that the disclosure forms indicated that the trial judge held ownership interests in a total of 15 companies. The notice did not highlight the four insurance-related companies that Brown argues on appeal mandated disclosure and disqualification.

Section 170.1 relates to disqualification *for cause*. Brown's claim that the trial judge failed to disclose adequate information to allow her to exercise a *peremptory challenge* pursuant to section 170.6 is therefore without merit.[10]

■ Finally, since Brown does not allege that any of the companies in which the trial judge held an ownership interest were a party to this case or a carrier of ABG's, we conclude that the trial judge had no duty to disclose these interests, and that the trial court was not disqualified to preside over this case in light of such interests. (See § 170.1, subd. (a)(6)(iii) [trial judge disqualified only if "[a] person aware of the facts might *reasonably* entertain a doubt that the judge would be able to be impartial" (italics added)]; cf. *Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017, 1031 [119 Cal.Rptr.2d 341, 45 P.3d 280] ["the high court has required disqualification only for financial interests that it has characterized as ' " 'direct, personal, substantial, [and] pecuniary' " ' rather than 'slight.' [Citation.]"].)[11]

B. *There was no violation of Brown's due process right to an impartial judge*

Brown also claims that her due process right to an impartial judge was violated.

1. *A party's due process right to an impartial judge*

■ "[N]otwithstanding the exclusive-remedy provision of Code of Civil Procedure section 170.3, 'a [party] may assert on appeal a claim of denial of the due process right to an impartial judge.' [Citation.]" (*Panah, supra*, 35 Cal.4th at p. 445, fn. 16.) "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." (*Marshall v. Jerrico, Inc.* (1980) 446 U.S. 238, 242 [64 L.Ed.2d 182, 100 S.Ct. 1610].)

2. *The record does not demonstrate that the trial court was biased*

■ Brown claims that the trial judge was biased for several reasons. First, Brown argues that the trial judge's failure to "disclose his biases"

---

[10] In the introduction portion of her brief, Brown suggests that disclosure was required in order to permit her to file a motion to disqualify the trial judge for cause pursuant to section 170.1. We reject this argument in light of the other reasons that we provide in the text for rejecting Brown's claim that disclosure was required in order to permit Brown to file a peremptory challenge to disqualify the trial judge pursuant to section 170.6.

[11] Brown does not claim that the trial judge was required to disclose such interests because he had "a financial interest in the subject matter in a proceeding or in a party to the proceeding." (§ 170.1, subd. (a)(3)(A).)

through disclosure of his ownership interests in the insurance-related companies violated her right to due process. We reject this argument for the reasons stated in part III.A., *ante*. Second, Brown contends that the trial judge made several erroneous legal rulings. The mere fact that the trial court issued rulings adverse to Brown on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias. (See *Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 59–60 [27 Cal.Rptr.3d 877] (*Blakemore*) ["While we conclude the court erred in several respects, the leap from erroneous rulings to the appearance of bias is one we decline to make."].) Finally, Brown contends that the trial judge exhibited "personal bias" toward her by denying an in limine motion to exclude evidence concerning her son's counseling records,[12] denying her motion for new trial without holding oral argument, failing to ensure that the judge's financial disclosure forms would be preserved in the record,[13] denying her request for a recess at trial after an emergency 911 tape describing the accident was played, and allowing the judge's research attorney to make "false and disparaging comments to Brown's staff."[14] We are not persuaded.

The trial judge's adverse legal rulings and denial of a request for a continuance do not reflect personal bias. (See *Blakemore, supra,* 129 Cal.App.4th at pp. 59–60.)[15] Any failure by the trial court to preserve the financial disclosure forms reflects, at most, a minor administrative error, from which Brown suffered no prejudice in light of the fact that Brown was able to lodge the forms with this court. Finally, even assuming the veracity of the allegation concerning the statements attributed to the trial judge's research

---

[12] In opposing the motion in limine, ABG argued, "ABG has no intention of introducing evidence relating to any psychological treatment. However to the extent that Mr. Brown's behavior contributed to Brown's mental and emotional symptoms that she has tendered at issue in this case, even if prior to the accident, the cause of these symptoms is relevant." Brown does not contend that evidence pertaining to her son's counseling records was offered at trial.

[13] In her appellate brief, Brown asserts that this court granted Brown permission to lodge the disclosure forms as exhibits. The forms have been lodged with this court, and ABG has raised no objection to their inclusion as a part of the record on appeal.

[14] In her motion for a new trial, Brown stated that the trial judge's research attorney had a telephone conversation with Brown's counsel's office manager. According to Brown, during this call, the research attorney refused to give Brown's counsel her private telephone number and stated, " '[Brown's counsel] is always trying to e-mail and fax' and 'if you give [Brown's counsel] an inch, he'll take a mile.' " In addition, Brown stated that, in court one day, the research attorney "sarcastically asked [Brown's counsel] (off the record) about the court's published tentative ruling against [Brown] . . . 'So how did you like my tentative decision?' " Brown supported her motion for new trial with declarations from her counsel and her counsel's office manager in which each declared "I have reviewed the comments attributed to me in [Brown's] argument and they are true and correct."

[15] With respect to the trial court's not holding oral argument on Brown's motion for new trial, Brown does not claim that she requested oral argument or that the trial court was required to grant such a request.

attorney, none of those statements demonstrates that the judge was biased. Accordingly, we reject Brown's claim that her due process right to an impartial judge was violated.

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

E. *Brown has not demonstrated that the trial court's rulings violated her right to due process*

Brown contends that the trial court's "collective rulings" demonstrate that the court was prejudiced against her and her counsel, and violated her right to due process. We have rejected all of Brown's claims of error. There is thus no basis for reversing the judgment on this ground.

## IV.

## DISPOSITION

The judgment and the order denying Brown's motion for new trial are affirmed.[21] ABG is entitled to recover costs on appeal.

Huffman, Acting P. J., and O'Rourke, J., concurred.

---

*See footnote, *ante*, page 665.

[21] In light of our affirmance of the judgment, we need not consider Brown's contention that, "If this court reverses, such that Brown prevails, she should be awarded attorney fees and costs for this appeal and the trial court proceedings."